**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Andric C. PORTER, Defendant–**
**Appellant.**

**No. 93–1781.**

United States Court of Appeals,
Seventh Circuit

Argued Jan. 11, 1994.

Decided May 13, 1994.

James Porter, Asst. U.S. Atty. and Thomas Edward Leggans (argued), Office of the U.S. Atty., Crim. Div., Fairview Heights, IL, for plaintiff-appellee.

Lee W. Barron (argued), Strang & Barron, Jerseyville, IL, for defendant-appellant.

Before BAUER, ESCHBACH, and ROVNER, Circuit Judges.

BAUER, Circuit Judge.

A jury convicted Andric Porter of three counts of possessing cocaine in violation of 21 U.S.C. § 841(a)(1) and acquitted him on one count of the same crime. For these crimes, the district court sentenced Porter to 137 months in prison on each count of the conviction; the three sentences are to run concurrently. Porter appeals various aspects of his sentencing hearing and consequent sentence. We affirm.

## I. Facts

The government indicted Porter on October 15, 1992 together with six others in a nineteen-count indictment. The first count charged all seven with conspiracy to distribute cocaine. Counts eleven, twelve, fourteen, and fifteen charged Porter alone with possession with intent to distribute cocaine; these represented four different incidents in which Porter allegedly attempted to sell cocaine to an undercover officer. The government dismissed the first count against Porter and proceeded to prosecute him on the remaining counts.

At trial, the only evidence offered against Porter was that of transactions in which he was directly involved. The evidence included the following facts. On October 30, 1991, Johnny Singleton, a Deputy of the St. Clair County Sheriff's Department working undercover, purchased from Porter a $20 "rock" of crack cocaine; Porter sold this rock from a bottle filled with rocks. Later that evening, Singleton purchased a second rock for $20. In addition, on November 19, 1991, Singleton purchased another $20 rock, which Porter selected from a clear plastic bag containing several rocks. The total amount of cocaine Porter sold to Singleton was .55 grams. Finally, while on routine patrol on January 23, 1992, Deputy David Clark, of the St. Clair County Sheriff's Department, saw Porter run from him and drop a packet containing 5.6 grams of cocaine, which Clark recovered.

The jury convicted Porter on the counts related to the sale of cocaine to Singleton; it acquitted him on the cocaine thrown down by Porter and recovered by Clark. Later, the district court conducted a sentencing hearing to determine the amount of cocaine constituting Porter's conduct relevant to sentencing and to consider the government's request of a upward departure from the United States

Sentencing Guidelines. At this hearing, the district court heard further testimony from the government's witnesses.

In his testimony at that hearing, Singleton estimated that the pill bottle from which Porter selected the rocks of cocaine on October 30 contained an additional three grams and that the clear plastic bag from which Porter selected rocks on November 19 contained an additional four grams of cocaine. Singleton also testified that all three of these transactions transpired within 1,000 feet of a school. In addition, Clark testified that the January 23 throw-down incident occurred within 1,000 feet of the same school.

Additional testimony was given by Donald Roberts, who stated that he saw Porter sell a one-sixteenth ounce rock on five or six different occasions during the summer of 1991. Laurenco Reed also testified that he saw Porter with a one-fourth ounce rock on at least five occasions. Finally, Gregory Ash testified and corroborated Clark's testimony regarding the throw-down incident.

In light of this evidence, the district court found, by a preponderance of the evidence, that Porter's relevant conduct involved a total of 13.6 grams of cocaine. The district court specifically included the seven grams from the Singleton transactions, 5.6 grams from the throw-down witnessed by Clark, five .1 gram sales witnessed by Roberts, and five .1 gram sales witnessed by Reed.[1] The result of including as relevant conduct cocaine other than that Porter sold to Singleton was that Porter's offense level was increased from 16 to 26, thereby increasing the range of sentencing from 33–41 months to 92–115 months.

The district court then found, by a preponderance of the evidence, that all three sales to Singleton occurred within 350 feet of a school. Consequently, the district court applied a two-level upward departure, pursuant to section 5K2.14 of the Guidelines, to reflect the endangerment to public safety and health caused by Porter's cocaine sales within 1,000 feet of a school; this departure increased Porter's sentencing range from 92–115 months to 110–137 months. The district

court sentenced Porter to 137 months for each count of the conviction and ordered that Porter serve each sentence concurrently.

## II. Analysis

■ Porter challenges certain aspects of his sentencing hearing and the resulting sentence. First, Porter argues that the district court erred when it applied the "preponderance of the evidence" standard at his sentencing hearing. Porter claims that, for an increase in sentencing range such as this, the proper standard for weighing evidence at the sentencing hearing should have been clear and convincing.

■ It is well-established that simply a preponderance of the evidence is all that is required for a factual finding under the Sentencing Guidelines. *United States v. Corbin,* 998 F.2d 1377, 1387 (7th Cir.1993) (citations omitted), *cert. denied,* —— U.S. ——, 114 S.Ct. 1124, 127 L.Ed.2d 432 (1994). "A higher standard might be called for only in the rare instance where a factual finding will result in a sentencing increase so great that the sentencing hearing can fairly be characterized as a tail which wags the dog of the substantive offense." *Id.* at 1387 (citations and quotation marks omitted). This is not such an instance.

Porter claims that his case is similar to *United States v. Kikumura,* 918 F.2d 1084 (3d Cir.1990). In *Kikumura,* 918 F.2d at 1101–02, the defendant's sentence was increased twelve-fold from a range of 27–33 months to a term of thirty years; the Third Circuit held that such an increase must be proved by clear and convincing evidence. The less than three-fold increase in Porter's sentence is not remotely close to the drastic increase in *Kikumura.* Moreover, this court has approved the preponderance standard in numerous cases in which a defendant's sentence was increased by a factor greater than three. For example, these cases featured sentences that were increased: 1) from 33–41 months to consecutive twenty year terms, *United States v. Masters,* 978 F.2d 281 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113

---

1. The district court rejected Roberts' and Reed's testimony as to the amount of crack and independently determined that a rock of cocaine equalled .1 gram.

S.Ct. 2333, 124 L.Ed.2d 245 (1993); 2) from 21–27 months to five years, *United States v. Schuster*, 948 F.2d 313 (7th Cir.1991); and 3) from 27–33 months to 92–115 months, *United States v. Ebbole*, 917 F.2d 1495 (7th Cir. 1990). This list is hardly exhaustive. Suffice it to say that the increase in Porter's sentence easily fits within these cases, and thus, Porter's is not one of those rare instances in which a higher standard is required.

■ Porter's next argument is that the district court counted as relevant conduct the throw-down incident for which he was acquitted. Porter concedes, however, that conduct for which a defendant is acquitted may be included as relevant conduct under the Guidelines. *See, e.g., Masters*, 978 F.2d at 285–86. What he is really arguing is that the evidence of this conduct was insufficient to support the district court's finding, even under the preponderance standard. We will consider this argument along with Porter's argument that Singleton's testimony at the sentencing hearing was simply incredible.

■ We review the district court's factual findings for clear error. *United States v. Kozinski*, 16 F.3d 795, 820 (7th Cir.1994). Determinations of credibility by the sentencing judge are entitled to great deference on review. *Schuster*, 948 F.2d at 315. "Any argument that the trial judge should have disbelieved a certain witness is 'doomed at the outset.'" *Kozinski*, 16 F.3d at 820 (quoting *United States v. DeCorte*, 851 F.2d 948, 953 (7th Cir.1988)). In this case, because Porter is essentially arguing that the district court committed clear error in believing the testimony of Deputy Sheriffs Singleton and Clark, his argument fails.

There is nothing in the record to support even an inference that the deputies' testimony should not be believed. Both testified that they had much experience in drug cases and that they both personally observed Porter either selling or possessing cocaine. Singleton also testified that he saw Porter's cocaine and was able to estimate the amount of cocaine. *See United States v. Yanez*, 985 F.2d 371 (7th Cir.1993) (approving of the practice of relying on the testimony of experienced law enforcement officers to estimate an amount of narcotics in the possession of a defendant); *United States v. Buggs*, 904 F.2d 1070, 1080 (7th Cir.1990) (same). Further, Clark's testimony regarding the throw-down was corroborated by Ash. The testimonies were detailed and specific as to Porter's actions. These alone serve as sufficient evidence to support the district court's determination, and we reject Porter's arguments to the contrary.

■ Porter also claims that the district court failed to make specific findings regarding the total amount of cocaine attributable to him as required by *United States v. Duarte*, 950 F.2d 1255 (7th Cir.1991), *cert. denied*, — U.S. —, 113 S.Ct. 174, 121 L.Ed.2d 120 (1992). We stated in *Duarte*, 950 F.2d at 1263, that a district court "should explicitly state or support . . . its finding that the unconvicted activities bore the necessary relation to the convicted offense." In this case, the district judge stated for the record that he listened to the evidence in court and reviewed it in his chambers. He also stated that he believed the testimony regarding the throw-down and the testimony regarding the sales to Singleton and to Reed and Roberts. The district judge could not have been more specific in making the record in this case, and we find he complied admirably with the mandate of *Duarte*.

■ Finally, Porter argues that the district court improperly departed upward from the Guidelines for selling cocaine within 1,000 feet of a school, conduct not charged in the indictment. First, he contends that the government sought this upward departure because it wanted to punish Porter for exercising his right to trial, and that this represented prosecutorial misconduct. He claims support for this argument in that his codefendants in the indictment, who pled guilty to the cocaine conspiracy, were not charged with or punished for this offense. Second, Porter argues that the district court failed to adequately articulate and justify such a departure. These arguments are unavailing.

■ "A prosecution is vindictive and a violation of due process if undertaken '[t]o punish a person because he has done what the law plainly allows him to do.'" *United*

*States v. Polland,* 994 F.2d 1262, 1266 (7th Cir.1993) (quoting *United States v. Goodwin,* 457 U.S. 368, 372, 102 S.Ct. 2485, 2488, 73 L.Ed.2d 74 (1982), *cert. denied,* —— U.S. ——, 114 S.Ct. 1115, 127 L.Ed.2d 425 (1994)). Actual vindictiveness requires objective evidence of some kind of genuine prosecutorial animus. *United States v. Dickerson,* 975 F.2d 1245, 1251 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1316, 122 L.Ed.2d 703 (1993). Porter cannot make the required objective showing.

The government contends that the evidence did not show that others charged in the superseding indictment with selling cocaine did so within 1,000 feet of a school. We have no reason to disbelieve the government. Further, we agree with the government that the legitimate exercise of prosecutorial discretion regarding the pleas and subsequent sentences of the codefendants has no bearing on Porter's treatment. The evidence of Porter's crimes clearly supports his conviction and sentence.

This is not to say, however, that because we have determined that Porter was not punished by the government for his decision to exercise his right to stand trial, we approve of certain aspects of the government's prosecution of Porter. "We have more than once acknowledged the 'self-evident' unfairness of sentencing a defendant based on uncharged criminal acts." *Corbin,* 998 F.2d at 1384 (citing *Ebbole,* 917 F.2d at 1496; *United States v. Johnson,* 658 F.2d 1176, 1179 (7th Cir.1981)); *see also Masters,* 978 F.2d at 285–86; *Duarte,* 950 F.2d at 1263. In our view, the government blind-sided Porter by seeking an upward departure based on conduct with which it easily could have charged Porter.

 In some instances, a prosecutor may determine that the evidence does not demonstrate beyond a reasonable doubt that a defendant committed a particular crime. It is, however, an entirely proper exercise of prosecutorial discretion to present the evidence of the defendant's conduct to the court as conduct relevant to his sentencing.

This case is different. Selling cocaine within 1,000 feet of a school is a crime. 21 U.S.C. § 860. The same witnesses that the government called to testify about Porter's conduct at his trial were called to testify at the sentencing hearing. At that hearing, these witnesses expanded their testimony to state that the possession and sale of cocaine transpired within 1,000 feet of a school. It is not unlikely that the jury would have believed these witnesses with regard to this separate crime, just as the jury believed these witnesses in convicting Porter of the underlying drug sales. But this was a no-lose situation for the government: even if the jury had not convicted Porter for selling within 1,000 feet of a school, the government could still prove this as relevant conduct for sentencing purposes. This is exactly what happened regarding the throw-down incident.

But, as we have noted in previous cases, the Supreme Court has consistently approved the use of virtually any conduct (uncharged, acquitted, or otherwise) in sentencing. *See Masters,* 978 F.2d at 285 (citing cases). Accordingly, no distinction is made on the basis of what the government can prove at trial; all that is required of the government is that it prove this relevant conduct by a preponderance of the evidence at the sentencing phase. Thus, what the government did here is plainly permitted. We simply state here our belief that where the government intends to use conduct at sentencing that could readily be proved at trial and for which there is no risk to the government's case, the government should charge the defendant with that conduct and try him for it so that the defendant can comprehend the consequences of a conviction.

 With respect to Porter's claim that the district court did not make the specific findings sufficient to justify a two-level upward departure, we find that this argument is without merit. A district court may depart from the Guidelines range if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

18 U.S.C. § 3553(b). We review departures "to ensure that the grounds for the departure were appropriate, that the factual findings underlying the departure were not clearly erroneous, and that the extent of the departure was reasonable." *United States v. Panadero,* 7 F.3d 691, 695 (7th Cir.1993) (quoting *United States v. Tai,* 994 F.2d 1204, 1213 (7th Cir.1993)). In addition, to facilitate our review, the district court is required to specifically articulate its reasons for the departure. *See United States v. Thomas,* 906 F.2d 323 (7th Cir.1990).

In this case, the government's witnesses provided ample evidence that Porter was indeed selling cocaine within 1,000 feet of a school. The district court stated that it found this evidence credible and elaborated as to how this conduct represented an endangerment to public safety and health. The district court commented on the deleterious effects of cocaine and stated that inducing children to take cocaine is abhorrent.[2] As a result, the district court concluded that Porter's offense level did not adequately reflect Porter's culpability and increased his offense level by two. The district court, in all respects, complied with the letter and spirit of the Guidelines in increasing Porter's offense level, and we find that the record clearly reflects the district court's reasons for doing so.

### III. Conclusion

For the foregoing reasons, Andric Porter's sentence is

AFFIRMED.

---

**2.** Clearly, 21 U.S.C. § 860 supports the district court's view on the matter.