**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Elijah T. VANZANT, Defendant–
Appellant.**

No. 02–2937.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 28, 2003.

Decided March 27, 2003.

Before POSNER, MANION, and ROVNER, Circuit Judges.

## ORDER

On February 3, 1999, a confidential source informed the Federal Bureau of Investigation (FBI) that Elijah Vanzant had made arrangements to sell him crack cocaine. This information led the FBI to begin an investigation that lasted several months, during which time Vanzant repeatedly sold illegal drugs to the confidential source. The end came for Vanzant on June 22, 1999, when the FBI searched the trailer of one of Vanzant's henchmen, Brian Brammeier. Inside, agents found unlawful drugs, scales, cash, a small arsenal of weapons, and a sleeping Vanzant. After his rude awakening and faced with impending arrest, Vanzant informed agents that their confidential source would not live to testify and expressed regret that he had not committed "suicide by police."

His threats notwithstanding, Vanzant eventually pleaded guilty to four counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Although he initially filed objections to the presentence report, Vanzant thrice withdrew his objections at sentencing. The district court then sentenced him to 115 months' imprisonment, after having awarded a three-level downward departure for acceptance of responsibility. On appeal, Vanzant argues that: (1) during sentencing, the district court erred in including as relevant conduct drug sales that were not part of the same course of conduct as the offense of conviction; (2) his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and (3) his sentence violates due process.

We turn first to Vanzant's argument as to relevant conduct. Because Vanzant withdrew his objections to the presentence report, the issue of relevant conduct is waived and this court may not review it. *United States v. Redding*, 104 F.3d 96, 99 (7th Cir.1996). Vanzant, citing pages three through ten of the sentencing transcript, contends that there is no waiver because the district court wrongly condi-

tioned the reduction of his offense level for acceptance of responsibility (for which he received a three-level reduction) on his admission of the relevant conduct. But the very first lines on page three consist of Vanzant's withdrawing his objection to the presentence report, before the district court allegedly coerced him into agreeing to the relevant conduct. Furthermore, our review of the sentencing transcript reveals no evidence that would support Vanzant's position. There is no question that Vanzant waived this contention.

We now address Vanzant's *Apprendi* argument. Because Vanzant's sentence is less than the 240–month statutory maximum for distributing crack cocaine, *Apprendi* is irrelevant to this case. *Talbott v. Indiana,* 226 F.3d 866, 869 (7th Cir.2000). That leaves us with Vanzant's due process argument.

Vanzant contends that, because he was subject to a three-fold increase in his sentence, the district court erred by not applying the clear-and-convincing standard to determination of relevant conduct at sentencing. However, by agreeing with the district court that "everything in that [presentence report] is correct," Vanzant has waived this issue. *United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000). In any event, we have already rejected this argument and have approved the preponderance of the evidence standard in many cases. *United States v. Porter,* 23 F.3d 1274, 1277–78 (7th Cir.1994) (collecting cases).

During oral argument, Vanzant's appellate counsel also complained that trial counsel had ineffectively represented him at sentencing by allowing him to waive objections to the presentence report. As Vanzant did not brief this issue and there is no record before us with which we could examine this belated contention, we decline to visit this issue. Suffice it to say that ineffective assistance is an issue that Vanzant, if he can raise it at all, must pursue via collateral attack. *See generally Guinan v. United States,* 6 F.3d 468, 472 (7th Cir.1993).

AFFIRMED.