**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eddie BAKER, Jr., Defendant–**
**Appellant.**

**No. 03–1275.**

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 22, 2004.*

Decided Jan. 22, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is

Michelle L. Jacobs, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Eddie Baker, Jr., Waupun Correctional Institution, Waupun, WI, for Defendant–Appellant.

Before COFFEY, KANNE, and WILLIAMS, Circuit Judges.

### ORDER

In November 2000 Eddie Baker walked out of a house in Milwaukee and began shooting at two men who were approaching the residence. As the men turned to

submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

run, he hit one of them, Bernard Funches, in the back and paralyzed him. An off-duty police officer witnessed much of the incident and apprehended Baker. Baker was charged with unlawful possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). A jury found him guilty, and he was sentenced as an Armed Career Criminal, *id.* § 924(e)(1), to 327 months of incarceration, 5 years of supervised release, a $1500 fine, and a $100 assessment. On appeal, proceeding pro se by choice, Baker presents over a dozen different claims of error, but his arguments center around five main issues, which we address in turn. We find no error and affirm Baker's conviction.

■ Before his federal prosecution, Baker faced state charges for the shooting. Wisconsin tried him for armed reckless injury, Wis. Stat. § 940.23(1)(a); *id.* § 939.63, and armed first degree reckless endangerment of safety, *id.* § 941.30(1); *id.* § 939.63. A jury acquitted him of reckless injury but found him guilty of reckless endangerment. Baker contends that the Double Jeopardy Clause completely bars the federal government from prosecuting him for conduct arising from the shooting. We have definitively rejected this argument in prior cases, *see, e.g., United States v. Tirrell,* 120 F.3d 670, 676–77 (7th Cir. 1997), because the Supreme Court has held that the Double Jeopardy Clause does not bar successive prosecutions by separate sovereigns like Wisconsin and the United States, *Koon v. United States,* 518 U.S. 81, 112, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *Bartkus v. Illinois,* 359 U.S. 121, 132–33, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). Baker vaguely refers to a so-called exception to the dual sovereignty doctrine—the sham prosecution exception. Although in *Tirrell* we noted language in *Bartkus* that suggests a possible exception to the dual sovereignty doctrine when one sovereign uses the other as a "tool" to bring a second prosecution, we have never formally recognized or applied such an exception, *see Tirrell,* 120 F.3d at 677, and we see no reason to do so here, especially when Baker presented no evidence that either prosecution was a "sham." In a related argument, Baker contends that the doctrine of collateral estoppel bars the government from litigating factual issues that were litigated in his state case. Although collateral estoppel can be applied in the criminal context, it applies only when the two proceedings are between the same parties. *Id.* This case is between Baker and the United States, and the United States was not a party to Baker's state case.

■ Baker's next group of contentions center on a pretrial evidentiary ruling. Before trial, the government moved to prohibit all references to the state verdicts, arguing that the dispositions of the state proceedings were not relevant, Fed. R.Evid. 402, and if they were relevant their probative value would be substantially outweighed by the danger of unfair prejudice, Fed.R.Evid. 403. Baker objected; he was particularly interested in introducing evidence of the acquittal, and his theory was that the jury would find the witnesses less credible knowing they had testified against him in another case that ended in an acquittal. The court granted the government's motion, concluding that evidence about the state proceedings would be irrelevant.

Baker argues on appeal that this ruling caused a bounty of errors. He argues that it was an erroneous application of the federal rules of evidence, a Confrontation Clause violation, and a violation of the rule announced in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). He also argues that it was prosecutorial misconduct even to file the motion. We disagree in every respect. Federal Rule of Evidence 402 says that

evidence that is not relevant is not admissible. We have previously held that evidence of an acquittal is not relevant in a subsequent prosecution, except on the issues of double jeopardy and collateral estoppel, because the acquittal " 'does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime.' " *United States v. Jones,* 808 F.2d 561, 566 (7th Cir.1986) (quoting *United States v. Kerley,* 643 F.2d 299, 300–01 (5th Cir.1981)). The district court was thus correct to exclude evidence about the state proceedings. Regarding Baker's argument that the exclusion of evidence infringed his Sixth Amendment right to confront the government's witnesses, our conclusion that the evidence was *not relevant* at all also settles this question. *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (Confrontation Clause does not prevent trial judges from excluding evidence that is only marginally relevant); *see also United States v. Lane,* 323 F.3d 568, 582–83 (7th Cir.2003). Baker assumes that his acquittal was the result of witness testimony that the state jury found not credible, but there is no support for that assumption. And Baker was free to test the witnesses' credibility with the same cross-examination questions that he used in his state case. In a similar vein, Baker also contends that the exclusion of evidence violated the *Brady* rule. *Brady* requires the prosecution to disclose material, exculpatory evidence. *Brady,* 373 U.S. at 87. As best we can discern, Baker seems to contend that the *federal* government had a duty to disclose to him that he had been acquitted of a *state* charge. We find this contention nonsensical. Finally, on the issue of prosecutorial misconduct, it was not misconduct for the government to file a motion seeking to prohibit references to the state charges. Indeed, it helped ensure that Baker received a fair trial not tainted by the introduction of irrelevant evidence.

■ A third contention in Baker's brief is that his conduct did not sufficiently affect interstate commerce to trigger the federal government's criminal jurisdiction. His challenge takes on various forms: a facial challenge to the constitutionality of section 922(g), a challenge to his indictment, and ultimately an argument that the government failed to meet its burden of proving the interstate commerce nexus at trial. Essentially, in all of his arguments Baker takes issue with our holding in *United States v. Lemons,* 302 F.3d 769, 772 (7th Cir.2002), that the interstate commerce nexus of section 922(g)–the statute criminalizing possession of a firearm by a felon–is proven and satisfies the Constitution if the government proves that the gun crossed state lines sometime before the defendant possessed it. In this case the government charged in the indictment and proved at trial that the gun was manufactured in Massachusetts. The government also charged in the indictment and proved at trial that the gun was found in Baker's possession in Wisconsin. A rational factfinder could have found beyond a reasonable doubt that the gun crossed state lines before or during Baker's possession.

■ Baker's fourth broad claim of error is that he received ineffective assistance of counsel. Four different attorneys represented Baker in succession during his prosecution. Baker repeated a pattern of obstructive behavior with each new attorney that led each to withdraw. Baker would insist on pursuing meritless arguments, his attorney would refuse, Baker would stop cooperating, and then his attorney would withdraw. Although before trial there were brief periods when Baker

waived his right to counsel and proceeded pro se, he was ultimately represented by an attorney throughout his trial and sentencing. Baker claims now that he was denied the effective assistance of counsel because he was unable to have the assistance of an attorney who would raise his chosen issues. But the right to counsel does not include the right to compel counsel to raise frivolous arguments. *See United States v. Boyd*, 86 F.3d 719, 723 (7th Cir.1996) (explaining that while some decisions always remain with the defendant, the majority of strategic choices are counsel's to make). Putting that aside, Baker would not be able to show prejudice, *see Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); he raised all of his issues in a pro se motion to dismiss the indictment, and the district court rejected all of them. He has also raised his arguments on appeal and we have rejected them all as meritless.

 Finally Baker contends that he is the victim of a vindictive prosecution. It does not appear that Baker raised this issue in the district court, but the government has not argued waiver, so we will address the claim on the merits. *See United States v. Leichtnam*, 948 F.2d 370, 375 (7th Cir.1991). Baker's claim, though, still fails because he offered no objective evidence that the prosecutor who initiated this case had any genuine malice towards him. *See United States v. Porter*, 23 F.3d 1274, 1278–79 (7th Cir.1994).

AFFIRMED.