**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Michael DUFF, Defendant-Appellant.**

**No. 76-1639.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 15, 1977.

Decided March 22, 1977.

William T. Huyck, Chicago, Ill., for defendant-appellant.

Samuel K. Skinner, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, BAUER and WOOD, Circuit Judges.

PER CURIAM.

This appeal arises as the result of the conviction of the defendant, Michael Duff,

**188**

of two counts of knowing distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). The appeal has been submitted on briefs and record, without oral argument, pursuant to Fed.R.App.P. 2.

Stated briefly, the facts viewed in a light most favorable to the government, *United States v. Glasser*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), are as follows. Defendant Duff was introduced to an undercover agent for the Drug Enforcement Agency by a government informer. The two negotiated the purchase of one ounce of cocaine. Later that evening, Duff and the agent completed the deal for the cocaine, the defendant delivering the cocaine to the agent, the agent turning over the money. Another transaction, at a later date, took place after arrangements were made at a meeting and by telephone. This time the agent picked up a package containing cocaine from the defendant's wife.

The defendant testified at trial that the drugs had been furnished by the informant, and that he had only been pretending to be the supplier. Duff testified that he was being paid $50.00 by the informant to do so. This was the only evidence received by the court on this matter, as the informant was deceased at the time of trial.

Defendant presents three arguments on appeal: (1), that it was error to refuse to instruct the jury on defendant's theory of defense based on an intolerable degree of government participation in the crime; (2), that it was error to refuse a mistrial after the government agent volunteered that defendant had a police record; and (3), that it was error to refuse to strike the prosecutor's argument that defendant had presented a "tailored defense".

I

■ Defendant's first argument, regarding the tendered instruction, is based on the theory that the supplying of contraband to the defendant by a government informer

was an intolerable degree of police participation and warrants acquittal regardless of defendant's predisposition. Even if supported by the evidence, this does not constitute a valid theory of defense in view of the recent holding by the Supreme Court in *Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976).

In *Hampton*, the defendant, charged with the distribution of heroin, contended that he had been entrapped by the government. The trial court gave the standard entrapment "predisposition" instruction, but refused defendant's tendered instruction which directed the jury to find the defendant innocent, regardless of predisposition, if they found that the informant had supplied drugs to the defendant. Hampton was convicted, and in upholding the conviction, the Court, in a three judge plurality opinion authored by Mr. Justice Rehnquist, held that *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 37 L.Ed.2d 366 (1973), precluded the possibility that entrapment could ever be based upon governmental misconduct where the predisposition of the defendant was established. The application of *Russell* was concurred in by Mr. Justice Powell and Mr. Justice Blackmun, although they argued that it was unnecessary to state an absolute rule regarding government involvement.

In *U. S. v. Gonzales-Benitez*, 537 F.2d 1051 (9th Cir. 1976), the defendant was convicted of importing and distributing heroin. The trial court had refused to instruct the jury that the supplying of the contraband by a government agent was such outrageous conduct as to constitute entrapment as a matter of law. The appellate court rejected this argument, and applying *Hampton, supra*, held that the failure to give the instruction was not error as it was well within the bounds of conduct sanctioned by the Supreme Court in *Hampton*.*

Even if Duff's version of events leading up to the arrest were accepted as true, it was not error to refuse the tendered instruction. Here, the jury found that Duff

---

* *Accord, United States v. Reifsteck*, 535 F.2d 1030 (8th Cir. 1976); *see United States v. Jack-*

son*, 539 F.2d 1087 (6th Cir. 1976); *United States v. Russo*, 540 F.2d 1152 (1st Cir. 1976).

was predisposed to commit ; the crime. Thus, regardless of any evidence of government involvement in supplying the contraband, under *Hampton*, the trial court properly refused Duff's tendered instruction as not constituting a valid theory of defense.

## II

Duff next contends it was error to deny his motion for a mistrial after the following exchange between the government agent and defense counsel on cross-examination:

Q. Well, did he ever have any record of having been convicted of any offense to your knowledge.

A. He had been convicted—or he had been arrested on previous occasions. I don't know if he had been convicted, sir. He had a police record at that time.

After reservation of its ruling, the trial court later granted defendant's alternative motion to strike the testimony, and the jury was instructed to disregard it.

Duff's reliance on *United States v. Marrero*, 486 F.2d 622 (7th Cir. 1973) is ill-founded. There, the alleged prejudicial statement was elicited by the government on direct. The *Marrero* court distinguished the situation where the same statement might be elicited by defense counsel, stating that such a statement would then not have constituted reversible error. *See also United States v. Pentado*, 463 F.2d 355 (5th Cir. 1972).

In *United States v. Grooms*, 454 F.2d 1308 (7th Cir. 1972), appellant argued that it was error to admit certain statements of co-defendants, contending they were hearsay. In rejecting the argument, this court held that if an error did exist, it was created by the defendant himself, as the testimony had been elicited by defense counsel, and as such could not form the basis of reversible error. As the alleged error here was elicited by defense counsel, it cannot form the basis of reversible error.

## III

Duff's final argument is that it was error to refuse to strike the comment of the prosecutor that defendant had presented a "tailored defense". Duff relies on *United States v. Spain*, 536 F.2d 170 (7th Cir. 1976), to support his contention. The prosecutor in *Spain* had variously and repeatedly described the defense as "concocted", "fabricated", "contrived", "tailored", "perjured", and a "lie". 536 F.2d at 175. Although the court characterized the language and actions of the prosecutor as improper and injudicious, the court did not find reversible error. The *Spain* court also noted "[w]e do not say that the use of these expressions is improper in all circumstances; but their emotive and pejorative connotations tend to impair the calm and detached search for truth to which a criminal trial should aspire, and they should normally be avoided." 536 F.2d at 175.

The relevant inquiry in this context is whether the statement by the prosecutor prejudiced the defendant to such an extent that reversal is in order. *United States v. Bartemio*, 547 F.2d 341 (7th Cir. 1974). As the closing argument must be viewed as a whole to determine if it was unduly prejudicial, *United States v. Jackson*, 542 F.2d 403 (7th Cir. 1976), the context of the statement discloses it to be more of a frank comment on the evidence than designed to raise emotive or pejorative connotations. The prosecutor carefully explained how she thought the defense was being used to fit the government's evidence. She also used the term "tailored defense" only once. Upon overruling the objection, the judge stated that he thought it was comment on the evidence.

The cases cited as supportive of Duff's contention, *United States v. Spain, supra* and *United States v. White*, 486 F.2d 204 (2d Cir. 1973), pertained to numerous and repeated improper comments by the prosecutor. In view of the single comment involved here, as well as the context in which it was made, this does not appear to be the type of prosecutorial conduct considered sufficiently improper to warrant reversal.

For the foregoing reasons the conviction is affirmed.