UNITED STATES of America,
Plaintiff–Appellee,

v.

Benjamin G. JOHNSON, Defendant–
Appellant.

No. 94–1042.

United States Court of Appeals,
Seventh Circuit.

Argued May 18, 1994.

Decided Aug. 12, 1994.

Donna Eide (argued), Office of U.S. Atty., Indianapolis, IN, for plaintiff-appellee.

Donald C. Swanson, Jr. (argued), Swanson & Campbell, Fort Wayne, IN, for defendant-appellant.

Before SPROUSE,* CUDAHY and KANNE, Circuit Judges.

PER CURIAM.

Ben Johnson was charged with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). After a one-day jury trial, he was convicted on this single count. He now appeals, raising two issues: denial of his right to a speedy trial and entrapment. We affirm.

I.

In 1992, William Hogan was arrested for possession of cocaine. In exchange for a dismissal of his criminal charges, Hogan became an informant for the Indianapolis Metro Drug Task Force. In that capacity, he made a series of undercover telephone calls to Johnson in an effort to purchase cocaine. Hogan eventually arranged to purchase 1.5 kilograms of cocaine from Johnson for $42,000. On May 4, 1993, Johnson arrived at the designated meeting place, a Holiday Inn in Indianapolis. Hogan and J.T. Jones, an undercover police officer, were present. Johnson placed a suitcase on the hotel room bed; Jones unzipped the suitcase and examined the three bags of white powder inside it. Jones asked Johnson how much he wanted for the cocaine, and Johnson replied that he wanted $42,000. Jones paid Johnson, who counted the cash, placed it in the suitcase, and left. He was arrested outside the hotel room. Subsequently, Johnson was indicted for possession with intent to distribute cocaine, convicted on September 7, 1993, and ultimately sentenced to a term of 63 months of imprisonment.

II. Speedy Trial Issue

Johnson claims that the government and the court failed to meet the requirements of the Speedy Trial Act, 18 U.S.C. § 3161(c). That section provides in pertinent part:

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). The Act provides that if the statute is violated, the information or indictment shall be dismissed. 18 U.S.C. § 3162(a)(2).

Section 3161(h), however, provides:

The following periods of delay shall be excluded in computing the time within

* The Honorable James M. Sprouse, Circuit Judge, United States Court of Appeals for the Fourth Circuit, sitting by designation.

which ... the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

. . . . .

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

. . . . .

(J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

18 U.S.C. § 3161(h).

■ It is true that 103 days elapsed between May 26, 1993, the date of Johnson's indictment, and September 7, 1993, the date of his trial. Johnson contends that his indictment must therefore be dismissed due to violation of the Speedy Trial Act. The government argues, however, that after deducting excludable time, Johnson was tried within the seventy-day period required by the statute. We agree. There were two pretrial motions pending after Johnson's indictment which are relevant for purposes of calculating excludable time under the Speedy Trial Act: his motion challenging the magistrate's pretrial detention order and the government's

motion *in limine* to prohibit Johnson from raising the defense of entrapment.[1] Johnson moved for a review of the pretrial detention order on June 4,[2] and the court ruled against him on August 6, sixty-two days after it was filed. Subject to the limitations of § 3161(h)(1)(J),[3] the time expended by the court in deciding this motion is to be excluded under the § 3161(c)(1) calculus. *Government of Virgin Islands v. Duberry*, 923 F.2d 317, 323 (3d Cir.1991); *United States v. Noone*, 913 F.2d 20, 27 (1st Cir.1990), *cert. denied*, 500 U.S. 906, 111 S.Ct. 1686, 114 L.Ed.2d 81 (1991).

■ Likewise excludable is the court time expended on the government's motion *in limine* to prohibit Johnson from presenting evidence of entrapment. 18 U.S.C. § 3161(h)(1)(F); *Henderson v. United States*, 476 U.S. at 329, 106 S.Ct. at 1876. *See also United States v. Santoyo*, 890 F.2d 726, 728 (5th Cir.1989) (time following filing of motion *in limine* excludable under subsection (F)), *cert. denied*, 495 U.S. 959, 110 S.Ct. 2567, 109 L.Ed.2d 749 (1990). That motion occupied seventeen days of the court's time. We agree with the government that at least thirty days of the time expended by the court in deciding Johnson's motion for review of the pretrial detention order, and the seventeen days the court expended in deciding the government's motion *in limine*, were excludable.[4] Deducting these forty-seven days from

---

1. Johnson also filed several discovery motions at the same time that he filed the motion for review of pretrial detention. These were pending during the same period that the request for review of the detention order was being considered and were simply resolved, within a few days, between Johnson's counsel and the government. Therefore, the time during which they were under review is not included for purposes of the Speedy Trial Act calculation. *See United States v. Mentz*, 840 F.2d 315, 328–29 (6th Cir.1988) (time not excludable if judicial intervention on motion not required); *United States v. Godoy*, 821 F.2d 1498, 1503 (11th Cir.1987) (double counting of excludable time not permitted under Speedy Trial Act), *cert. denied*, 484 U.S. 1044, 108 S.Ct. 778, 98 L.Ed.2d 864 (1988).

The government does not contend, nor need we hold, that the day during which the government's motion for continuance was under review (between July 19, 1993 and July 21, 1993) is excludable.

2. The documents reveal a filing date of June 7, 1993, but the parties agree, and the district court found, that for purposes of the Speedy Trial Act, the clock began to run on June 4, 1993.

3. Since this motion did not require a hearing, the excludable time period is limited to thirty days. 18 U.S.C. § 3161(h)(1)(F), (J); *Henderson v. United States*, 476 U.S. 321, 329, 106 S.Ct. 1871, 1876, 90 L.Ed.2d 299 (1986).

4. Specifically, the thirty-day period from June 4, 1993 to July 5, 1993 was excludable for the court's consideration of Johnson's motion concerning pretrial detention. The seventeen-day period from July 22, 1993 to August 9, 1993, the time during which the government's motion *in limine* was being considered, was also excludable. *See United States v. Darby*, 744 F.2d 1508, 1518 (11th Cir.1984) (applying limitation in § 3161(h)(1)(J), two non-overlapping thirty-day periods during which the court considered differ-

the 103–day period from the indictment to the trial, Johnson's right to a speedy trial was clearly not violated.

## III.  Entrapment Issue

Johnson also contends that the district court erred in granting the government's motion prohibiting him from presenting his entrapment defense at trial.  He argues that he was improperly deprived of an opportunity to present the issue to a jury because the underlying factual issues should not have been determined by the court on an *in limine* motion.  In *United States v. Santiago–Godinez*, 12 F.3d 722, 727–28 (7th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1630, 128 L.Ed.2d 354 (1994), however, we held that in limited circumstances, the propriety of an entrapment defense could be decided on an *in limine* motion.  The only question here is whether Johnson's proffer is governed by *Santiago.*  We think that it is and affirm.

The defense of entrapment requires proof of the government's inducement of the crime and of the defendant's lack of predisposition to engage in the criminal conduct.  *Mathews v. United States,* 485 U.S. 58, 63, 108 S.Ct. 883, 886–87, 99 L.Ed.2d 54 (1988); *Santiago,* 12 F.3d at 728.  The question of whether there is sufficient evidence of entrapment so that the defense may be submitted to the jury usually arises after the evidence has been received at trial.  *Santiago,* 12 F.3d at 727.  Generally, therefore, the question of entrapment is one for the jury, rather than for the court.  *Mathews,* 485 U.S. at 63, 108 S.Ct. at 886–87.  Whether the entrapment defense will even be available to a defendant is typically not amenable to pretrial resolution because whether or not entrapment occurred is a factual issue; "the

defense . . . is intertwined with the issue of intent and is often based on credibility determinations, which are traditionally reserved for jury resolution." *Santiago,* 12 F.3d at 727.  *See also United States v. Fadel,* 844 F.2d 1425, 1430–31 (10th Cir.1988) (entrapment motions seldom appropriate for pretrial resolution).

However, "where the evidence proffered in response to a motion *in limine* raised by the government is insufficient as a matter of law to support the affirmative defense, a pretrial ruling precluding the presentation of the defense at trial may be appropriate." *Santiago,* 12 F.3d at 727.  The pretrial determination of the sufficiency of the evidence of an entrapment defense is, of course, the exception rather than the rule.  The sufficiency question may be decided on a pretrial motion only when it is clear that the evidence to be offered by the defendant can, under no interpretation, be considered sufficient to sustain his or her burden in proving the entrapment defense.  Johnson's proffer, as did Santiago's, fails under even this narrow exception because of the proffered prosecution evidence of predisposition and the almost total absence of any evidence proffered by Johnson concerning his lack of predisposition to commit the crime of cocaine distribution.

The lack of predisposition is the principal element in the entrapment defense. *United States v. Russell,* 411 U.S. 423, 433, 93 S.Ct. 1637, 1643–44, 36 L.Ed.2d 366 (1973); *United States v. Evans,* 924 F.2d 714, 717 (7th Cir.1991).  Predisposition "focuses upon whether the defendant was an 'unwary innocent' or, instead, an 'unwary criminal' who readily availed himself of the opportunity to perpetrate the crime." *Mathews,* 485 U.S. at 63, 108 S.Ct. at 886–87.[5]

---

ent motions were excludable), *cert. denied sub nom. Yamanis v. United States,* 471 U.S. 1100, 105 S.Ct. 2322, 85 L.Ed.2d 841 (1985).

**5.**  Factors to be evaluated in determining whether the defendant had the predisposition to commit the offense are:  1) the character or reputation of the defendant, 2) whether the suggestion of criminal activity was originally made by the government, 3) whether the defendant was engaged in

criminal activity for a profit, 4) whether the defendant evidenced a reluctance to commit the offense, overcome by government persuasion, and 5) the nature of the inducement or persuasion offered by the government.  *United States v. Haddad,* 976 F.2d 1088, 1095 (7th Cir.1992).  The most important factor is whether the defendant exhibited a reluctance to commit the offense that was overcome by government inducement. *Santiago,* 12 F.3d at 728.

The government proffered evidence that Johnson had previously performed cocaine transactions with Hogan when Hogan was not acting as an agent for the police, that Johnson had told Hogan he had decided to break up the kilogram of cocaine and sell it in ounce quantities because he could make more money, and that when speaking with Hogan, Johnson used terminology that indicated he was experienced in the drug trade, e.g., he discussed the quality of the previous shipment of cocaine and set the price at "29" (meaning $29,000 for a kilogram). *See United States v. Cervante,* 958 F.2d 175, 179 (7th Cir.1992) (defendant's use of drug jargon an indication of predisposition). Johnson offered virtually no evidence that he was not predisposed to commit the crime. With regard to the issue, his counsel stated only that "[t]he defendant would offer that his character and reputation within the community would be inconsistent with him being predisposed to committing this crime of possession with intent to distribute cocaine." In view of the other evidence, this is not sufficient.

Where there is sufficient evidence that a defendant was predisposed to commit the crime, the entrapment defense is properly rejected without inquiry into the other factor, government inducement. *Santiago,* 12 F.3d at 728; *United States v. Sanchez,* 984 F.2d 769, 773 (7th Cir.1993). Even if we were to reach Johnson's argument that the evidence demonstrated government inducement, however, it would ultimately fail. His proffer focused primarily on the repeated telephone calls made to him by Hogan, the government informant. Mere solicitation by a government agent is insufficient to establish entrapment. *United States v. Blackman,* 950 F.2d 420, 424 (7th Cir.1991); *United States v. Perez–Leon,* 757 F.2d 866, 872 (7th Cir.), *cert. denied sub nom. Gonzalez v. United States,* 474 U.S. 831, 106 S.Ct. 99, 88 L.Ed.2d 80 (1985). In sum, we are persuaded that in the circumstances of this case, the district court did not err in granting the government's motion *in limine* to prohibit Johnson from raising the entrapment defense at trial.

The judgment of the district court denying Johnson's motion to dismiss the indictment and granting the government's motion *in limine* is, therefore, affirmed.

AFFIRMED.