In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1420

United States of America,

Plaintiff-Appellee,

v.

Robert Ofcky,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 98 CR 101--Rudy Lozano, Judge.

Argued November 1, 2000--Decided January 23, 2001

Before Cudahy, Coffey, and Easterbrook, Circuit
Judges.

Cudahy, Circuit Judge.  Robert Ofcky was
convicted of unlawful possession of a firearm by
a convicted felon in violation of 18 U.S.C. sec.
922(g)(1). On February 4, 2000, following a
sentencing hearing, Ofcky was sentenced to 78
months in prison, three years of supervised
release and a special assessment of $100. He
appeals his sentence, and we affirm.

During the week of March 16, 1998, Nancy Ofcky,
the defendant's wife, left the family home in
fear and sought the counsel of Stanley Jablonski,
a divorce attorney. Nancy informed her attorney
that her husband was a convicted felon and that
there were numerous firearms and ammunition
hidden throughout their home. She also told
Jablonski that she had been "straw" purchasing
firearms for Ofcky, meaning that Ofcky gave her
money and directed her to purchase particular
firearms and turn them over to him. Jablonski
forwarded this information to the United States
Attorney's Office. A federal search warrant for
Ofcky's residence was obtained and executed on
March 17, 1998. Recovered from Ofcky's home was
a tidy arsenal--13 rifles, more than 1,000 rounds
of ammunition, 23 ammunition magazines,
miscellaneous gun parts, The Anarchist Cookbook
and gun literature.

The district court found that in addition to the items found at Ofcky's home that day, there had previously been two M-11 firearms in a hidden compartment in the bathroom. The court based this finding on the testimony of Ofcky's wife, Nancy, and his son, Christopher, who both testified that they were familiar with the characteristics of a fully automatic machine gun.

The district court determined that the total offense level under the U.S. Sentencing Guidelines was 26. It started with an offense level of 20 because the offense involved a machine gun and the defendant was a "prohibited person."/1 The judge added four levels for the number of weapons and two levels for obstruction of justice. See U.S. Sentencing Guidelines Manual sec.sec. 2K2.1(b) (number of weapons), 3C1.1 (obstruction of justice).

Ofcky appeals on three grounds. First, he argues that the district court erred in finding, as relevant conduct, by a preponderance of the evidence, possession of an automatic weapon. This enhanced his base offense level from 14 to 20, thereby nearly doubling his maximum base sentence from 24 to 46 months. Second, Ofcky contends that the district court was clearly erroneous in finding him guilty of obstruction of justice. Third, he argues that the district court failed to give proper consideration to the mitigating factors that he believes mandated a downward departure in the sentencing calculations.

I.

Ofcky's first claim is that the district court erred in enhancing his sentence based on his possession of an automatic weapon. When reviewing the decision of a district court to enhance a sentence based on relevant conduct under U.S. Sentencing Guideline sec. 1B1.3(a)(2), we accord deference to the district court:

Our review of a district court's sentencing decision is deferential. We will uphold a Guidelines sentence "so long as the district court correctly applied the Guidelines to findings of fact that were not clearly erroneous." United States v. Duarte, 950 F.2d 1255, 1262 (7th Cir. 1991), cert. denied, 506 U.S. 859, 113 S.Ct. 174, 121 L.Ed.2d 120 (1992); see also United States v. Rivera, 6 F.3d 431, 444 (7th Cir. 1993). The determination that uncharged activity constitutes "relevant conduct" . . . is a finding of fact, which we will not disturb unless it is clearly erroneous.

United States v. Sykes, 7 F.3d 1331, 1335 (7th Cir. 1993). We will reverse for clear error only

if we have "a definite and firm conviction that a mistake has been committed." United States v. Kroledge, 201 F.3d 900, 905 (7th Cir. 2000).

Ofcky challenges the district court's application of a "preponderance of the evidence" standard in determining his relevant conduct. Because Ofcky failed to object to the use of the preponderance standard at the time the district court determined his relevant conduct, he waived this issue on appeal. See United States v. Rivero, 993 F.2d 620, 623 (7th Cir. 1993). Thus, we must reverse only if we find plain error. See United States v. Robinson, 20 F.3d 270, 273 (7th Cir. 1994); Rivero, 993 F.2d at 623.

Under the Sentencing Guidelines, possession of a firearm by a prohibited person has a base offense level of 14 points and a sentence range of 18 to 24 months. U.S. Sentencing Guidelines Manual sec. 2K2.1(a)(6); ch. 5, pt. A./2 After a finding of relevant conduct, the district court increased Ofcky's base offense level from 14 to 20, giving him a sentence range of 37 to 46 months. See id. ch. 5, pt. A. This, Ofcky contends, was such a dramatic increase that it warranted a finding of relevant conduct only by clear and convincing evidence. Ofcky argues that our decision in United States v. Hardin, 209 F.3d 652 (7th Cir. 2000), requires that, in extreme cases, a sentencing factor must be proven by clear and convincing evidence./3 What we did say in Hardin was that "perhaps in extreme circumstances . . . clear and convincing evidence" would be the standard of proof for sentencing factors. 209 F.3d at 654. Ofcky concludes that his case is such a case because the enhancement under the Sentencing Guidelines almost doubled the maximum sentence Ofcky could have otherwise received. For this assertion, Ofcky relies on the Supreme Court's decision in McMillan v. Pennsylvania, 477 U.S. 79 (1986); his reliance is misplaced. In McMillan, Ofcky argues that the Supreme Court concluded that due process requires a clear and convincing standard where the magnitude of a contemplated departure is sufficiently great that it can be characterized as "a tail which wags the dog of the substantive offense." See 477 U.S. at 88. The Court in McMillan was dealing with a penalty statute that provided for a mandatory minimum sentence of five years' imprisonment if the sentencing judge found, by a preponderance of the evidence, that a person "visibly possessed a firearm" during the commission of one of certain enumerated offenses. 477 U.S. at 81 (quoting Pennsylvania's Mandatory Minimum Sentencing Act, 42 Pa. Const. Stat. sec. 9712 (1982)). The petitioners argued that--even if visible possession was not an element of the offense for which one is convicted--due process

required proof by more than a preponderance of the evidence. The Court disagreed, and concluded that the preponderance standard was sufficient. McMillan, 477 U.S. at 90-91. It reasoned that the statute at issue did not alter the maximum penalty for the crime or create a separate offense with a separate penalty; instead, the statute "operates solely to limit the sentencing court's discretion within the range already available to it without the special finding of visible possession of a firearm. Section 9712 'ups the ante' for the defendant only by raising to five years the minimum sentence which may be imposed within the statutory plan." Id. at 87-88. There is nothing in this ruling that says what Ofcky wants it to say--that a significant increase in a sentence must be supported by facts proven by clear and convincing evidence.

The government correctly notes that "simply a preponderance of the evidence is all that is required for a factual finding under the Sentencing Guidelines." United States v. Porter, 23 F.3d 1274, 1277 (7th Cir. 1994). This court has not yet determined when the increase in a defendant's sentence is so great as to require a more demanding standard of proof. See United States v. Rodriguez, 67 F.3d 1312, 1322 (7th Cir. 1995). But it has decided cases in which a large sentence increase was not so great as to require a higher standard of proof. See, e.g., id. at 1323 (upholding sentence enhancement from 51-63 months to life imprisonment); Porter, 23 F.3d at 1276 (7th Cir. 1994) (enhancement from 92-115 months to 137 months); United States v. Masters, 978 F.2d 281, 283-85 (7th Cir. 1992) (enhancement from 33-41 months to 40 years). Ofcky's enhancement, standing alone, is not an extreme case, particularly in light of the increases this court has already approved.

Ofcky's second challenge to the enhancement is premised on an argument that--even under a preponderance of the evidence standard--the evidence lacked sufficient foundation, credibility and corroboration to warrant a finding of possession of an automatic weapon. Ofcky was not in possession of an automatic weapon at the time of his arrest. The only evidence presented at trial on this issue was the testimony of Ofcky's wife, Nancy, and son, Christopher.

Ofcky claims that the testimony of both these family witnesses lacks credibility. Nancy he deems incredible because she is estranged from him and because she was granted immunity from prosecution in exchange for testifying against Ofcky. Christopher's testimony is supposedly incredible because he loves his mother, comes

from a broken family and fears the loss of both his parents, Ofcky argues. App. Br. at 14-15. This is not enough to ascribe error to the district court in crediting Nancy's and Christopher's testimony. We give credibility determinations a lot of deference. See 18 U.S.C. sec. 3742(e)(4); United States v. Moutry, 46 F.3d 598, 603 (7th Cir. 1995). As a general matter, testimony will only be found incredible as a matter of law if it is impossible for the witness to have possessed the information to which he or she testified or when the testimony defies the laws of nature. See United States v. Wallace, 32 F.3d 1171, 1173 (7th Cir. 1994) (quoting United States v. Dunnigan, 884 F.2d 1010, 1013 (7th Cir. 1989)). Hence, the district court's conclusion regarding the credibility of Nancy and Christopher must stand.

Ofcky next challenges the testimony of Nancy and Christopher on the grounds that it lacked sufficient indicia of reliability. See United States v. Morrison, 207 F.3d 962, 967 (7th Cir. 2000) (sentencing court may consider a wide range of information in making sentencing determinations, but only if it has sufficient indicia of reliability to support its probable accuracy). Ofcky contends that neither witness established that he or she knew what an automatic weapon is, and when or where Ofcky possessed one. They both testified that they knew Ofcky possessed a weapon that could shoot multiple bullets with one pull of the trigger. Nancy testified that she had shot such a weapon before. Christopher testified that Ofcky had told him the difference between a semi-automatic weapon and a fully automatic weapon. This testimony, together with the fact that the judge and jury found these witnesses credible, is sufficient to indicate the reliability of their testimony about the nature of the automatic weapons and Ofcky's possession of them.

Ofcky also claims that his possession of the fully automatic weapons was in doubt because there was no evidence to corroborate Nancy's and Christopher's testimony. This argument, too, fails to register. It is well established that a conviction may be based solely upon the uncorroborated testimony of an accomplice. See United States v. Henderson, 58 F.3d 1145, 1148-49 (7th Cir. 1995). We will not re-evaluate the credibility of testimony even if it is wholly uncorroborated. See United States v. Wilson, 31 F.3d 510, 514 (7th Cir. 1994).

Ofcky's strongest argument about whether the enhancement was appropriate is that the government failed to establish that the relevant conduct had sufficient similarity, regularity and

temporal proximity to the offense of conviction, as required under United States v. Sykes, 7 F.3d 1331, 1336 (7th Cir. 1993). In Sykes, we noted that we could not prescribe the relative importance of these elements, but if one element is not present at all, we would demand a stronger presence of at least one of the other components. See id. The government notes that sufficient evidence was presented at the sentencing hearing to demonstrate that possession of the fully automatic weapons satisfied this test. The sentencing exhibits presented by the government on this point were interviews conducted by Bureau of Alcohol, Tobacco and Firearms Agent Eric Ellis of the defendant's sons, Andrew and Christopher Ofcky. Both believed the M-11 firearms were hidden in the bathroom just prior to the search. Also admitted was an interview of Nancy Ofcky, who said she had straw purchased the two firearms for Ofcky and gave them to him, and that he later demonstrated to her how they were fired. Paul Wright, a gun salesman, was also interviewed by Agent Ellis, and he said he had observed Ofcky in possession of an M-11 firearm. Ofcky offered nothing to contradict this evidence. This evidence is sufficient to establish, by a preponderance of the evidence, that the possession of the fully automatic weapons was relevant conduct for the purpose of sentencing. Witnesses testified to the existence of the gun, as part of Ofcky's extensive and regular collection, just prior to the search-- how this could fail the Sykes test has not been demonstrated. It was therefore not clearly erroneous for the district court to conclude, based on the testimony of the two government witnesses, and by a preponderance of the evidence, that Ofcky possessed an automatic weapon.

II.

Ofcky next argues that the court's enhancement of his sentence for obstruction of justice was not supported by the evidence, as provided by sec. 3C1.1. of the U.S. Sentencing Guidelines. When a court makes a finding that a defendant obstructed justice, we review for clear error. See United States v. Webster, 125 F.3d 1024, 1037 (7th Cir. 1997).

The court found at the sentencing hearing that Ofcky committed perjury and willfully obstructed justice. Citing United States v. Buchannan, Ofcky argues that the district court must make specific separate findings sufficient to establish an obstruction of justice claim. See 115 F.3d 445, 450 (7th Cir. 1997). For a court to conclude that an enhancement is required, he argues, "it is preferable for a District Court to address each

element of the alleged perjury in a separate and clear finding." Id. at 451 (quoting United States v. Dunnigan, 507 U.S. 87, 95 (1992)). It certainly is preferable, but in its decision in Dunnigan, on which we relied in Buchannan, the Supreme Court noted that application of the enhancement is acceptable where "the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." Dunnigan, 507 U.S. at 95; see also Buchannan, 115 F.3d at 451. The factual predicates consist of a witness' testifying under oath or by affirmation, giving "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." Id. at 94.

Here, the court found that Ofcky committed perjury in testifying that he was an expert in firearms, that he did not own or have access to the firearms nor possess the keys to the gun cabinet and that he did not purchase guns from Paul Wright. This testimony was directly contradicted by the government's witnesses. The government correctly notes that an obstruction of justice enhancement is appropriate where the trial judge weighed the testimony of the defendant against that of others and determined that the defendant's testimony lacked credibility. See United States v. Pedigo, 12 F.3d 618, 629 (7th Cir. 1993). The determination of the district court met all the standards required for the enhancement. See United States v. Mustread, 42 F.3d 1097, 1105-06 (7th Cir. 1994) (separate findings on each element are not strictly necessary). Thus, this sentencing enhancement will stand.

III.

Ofcky's final argument is that the district court erred in not decreasing Ofcky's sentence because the Indiana code at the time of Ofcky's arrest permitted a convicted felon to possess a firearm in his home. See Ind. Code sec. 35-47-4-4 (repealed 1999). A district court may depart downward from the Guidelines if the judge finds a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. sec. 3553(b). But the government correctly notes that this court lacks jurisdiction to review a sentencing court's refusal to exercise its discretion to depart downward from the sentence prescribed by the Guidelines. See United States v. Sinclair, 74 F.3d 753, 763 (7th Cir. 1996). The only time such a refusal is reviewable is when the court erroneously concludes that it did not have

authority for such a departure. See id.; United States v. Poff, 926 F.2d 588, 590-91 (7th Cir. 1991). Ofcky has not argued that this was the case, and nothing in the record indicates that the district court labored under such an erroneous impression. Thus, the district court did not err in failing to take this ostensibly mitigating factor into account.

For the foregoing reasons, the judgment of the district court is

Affirmed.

/1 U.S. Sentencing Guidelines Manual sec. 2K2.1(a)(4)(B). For the purpose of this Guideline, one may satisfy the definition of "prohibited person" by meeting one of several standards. Here, Ofcky qualified as a prohibited person because he had "been convicted of[ ] a 'crime punishable by imprisonment for more than one year,' as defined by 18 U.S.C. sec. 921(a)(20) . . . ." U.S. Sentencing Guidelines Manual sec. 2K2.1, cmt. n.6 (1998).

/2 This is based on Ofcky's criminal history category of II, pursuant to sec. 4A1.1 of the U.S. Sentencing Guidelines.

/3 A sentencing factor, as we know from Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), may require proof beyond a reasonable doubt--if it increases the potential sentence beyond the statutory maximum. That is not Ofcky's contention here; the sentencing range considered by the district court was below the statutory maximum of 10 years. See 18 U.S.C. sec. 942(a)(2) (penalty provision for violations of sec. 922(g)).