**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sa Sadiq QURESHI, Defendant–
Appellant.**

No. 99–3568.

United States Court of Appeals,
Seventh Circuit.

Submitted March 6, 2001.*

Decided March 23, 2001.

---

* Counsel for Mr. Qureshi moved to waive oral argument. After examining the briefs and the record, we agree that oral argument is unnec-essary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2); Cir. R. 34(e).

Before FAIRCHILD, CUDAHY, RIPPLE, Circuit Judges.

ORDER

A jury found Sa Sadiq Qureshi guilty of possession with the intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), and he was sentenced to 125 months' imprisonment. Mr. Qureshi appealed, and, after receiving counsel's merits brief, we granted Mr. Qureshi permission to file a pro se supplement to counsel's brief and a pro se reply brief. We affirm Mr. Qureshi's conviction and sentence.

## I. Background

An undercover agent posing as a drug seller initiated contact with Mr. Qureshi as part of a federal drug investigation. During several conversations with the agent, Mr. Qureshi discussed his prior drug dealing overseas and the various contacts who helped facilitate his drug transactions. Initially the negotiations focused on Mr. Qureshi buying two kilograms of heroin from the agent for $70,000 to $85,000, but eventually Mr. Qureshi agreed to buy one kilogram. Mr. Qureshi, however, insisted on first receiving a five-gram sample so that, he said, his distributors could test the quality. Mr. Qureshi met the undercover agent at a hotel and accepted the sample, and at that time Mr. Qureshi explained in detail how he wanted the kilogram packaged. As he left the hotel room, Mr. Qureshi was arrested.

At trial the government introduced audio and video recordings of several meetings and phone conversations between Mr. Qureshi and the undercover agent. Mr. Qureshi raised an entrapment defense, and the district court instructed the jury on that defense. After a two-day trial, the jury returned a guilty verdict.

At sentencing the judge included as relevant conduct the one kilogram of heroin that Mr. Qureshi negotiated to buy from the agent. Mr. Qureshi objected, arguing that he never intended to follow through with the larger purchase. The judge determined that, based on the testimony and transcripts at trial, "it was clear ... that this was a two-way conversation and that Mr. Qureshi was taking part in a discussion of a transaction involving a kilogram." The judge ultimately sentenced Mr. Qureshi to 125 months' imprisonment.

## II. Discussion

■ In this court, counsel makes a single argument: that under *Apprendi v.*

*New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), drug quantity should have been determined by the jury based upon proof beyond a reasonable doubt. *Apprendi* holds that any fact other than a prior conviction that "increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 120 S.Ct. at 2362–63. With respect to drug quantity, we have determined that *Apprendi* applies only when the drug amount could trigger a sentence beyond the statutory maximum for the particular type of drug. *United States v. Nance,* 236 F.3d 820, 825 (7th Cir.2000). Mr. Qureshi was charged with possession of an unspecified amount of heroin, for which the statutory maximum is 20 years. 21 U.S.C. § 841(b)(1)(C). Mr. Qureshi's sentence falls below the 20-year statutory maximum, and, as we have said, "when a defendant is sentenced to a term of imprisonment within the statutory maximum for the crime of which he was convicted, '*Apprendi* is beside the point.'" *United States v. Williams,* 238 F.3d 871, 877 (7th Cir.2001)(quoting *Talbott v. Indiana,* 226 F.3d 866, 869 (7th Cir.2000)).

■ In his pro se supplemental brief, Mr. Qureshi raises several arguments concerning his entrapment defense. First, he contends that one cannot be convicted of possessing an illegal substance supplied by the government, but this argument is long foreclosed. *See United States v. Duff,* 551 F.2d 187, 188 (7th Cir.1977)(per curiam)(noting that this argument "does not constitute a valid theory of defense" in view of *Hampton v. United States,* 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976)); *see also United States v. Valona,* 834 F.2d 1334, 1344 (7th Cir.1987) (citing *Hampton* and noting that "[i]t is clear that the government may supply drugs to a suspect in a drug investigation").

■ Mr. Qureshi next asserts that the evidence of predisposition was insufficient to defeat his entrapment defense. In making this argument, however, Mr. Qureshi bears a heavy burden. *See United States v. Gardner*, 238 F.3d 878, 879 (7th Cir. 2001). We will not weigh the evidence or revisit the jury's credibility determinations, but rather will draw all reasonable inferences in the government's favor. *Id.* The appropriate test is "whether, when the evidence is viewed in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*

■ A jury must decide two issues when a defendant raises an entrapment defense: "(1) whether the government induced the defendant to commit the crime, and, if so, (2) whether the defendant was predisposed to commit the offense." *United States v. Higham*, 98 F.3d 285, 290 (7th Cir.1996). Once a defendant establishes inducement, the government must prove beyond a reasonable doubt that the defendant was predisposed. *See id.* Where the government has provided sufficient evidence of the defendant's predisposition, an entrapment defense is properly rejected without analysis of the inducement. *United States v. Johnson*, 32 F.3d 304, 308 (7th Cir.1994).

The government introduced much evidence of Mr. Qureshi's predisposition to engage in drug transactions. In his conversations with the undercover agent, Mr. Qureshi acknowledged that he recognized the name of a drug dealer from Pakistan and admitted his prior drug transactions. *See United States v. Theodosopoulos*, 48 F.3d 1438, 1445–46 (7th Cir.1995)(considering defendant's previous experiences and acquaintances in determining predisposition). Mr. Qureshi indicated his familiarity with the terminology of the drug trade when he discussed the quality of the heroin he wished to buy. *See Johnson*, 32 F.3d at 308 (defendant's use of drug trade terminology in discussing the quantity and price of drugs was an indication of predisposition). And Mr. Qureshi exhibited a working knowledge of the drug business by discussing his previous use of couriers, by requesting an initial sample of the heroin he was to buy, and by testing the quality of the five-gram sample. *See United States v. Perez–Leon*, 757 F.2d 866, 872 (7th Cir.1985)(defendant indicated his sophistication in the drug business by asking for a sample of heroin). In this case the evidence presented at trial provided the jury with an ample basis for rejecting Mr. Qureshi's entrapment defense.

■ Mr. Qureshi also contends that the entrapment instructions given to the jury failed to adequately communicate that predisposition must exist prior to any contact with the government. Federal Rule of Criminal Procedure 30 provides that a party may not contest a jury instruction on appeal without having objected to it before deliberations. *United States v. King*, 75 F.3d 1217, 1224 (7th Cir.1996). In this case Mr. Qureshi did not object; he in fact tendered the pattern entrapment instructions that were given over the objection of the government. In any event, we have held that the pattern instructions sufficiently communicate the applicable law. *See, e.g., United States v. Benitez*, 92 F.3d 528, 534 (7th Cir.1996).

■ Next Mr. Qureshi surmises that the government elicited false testimony at trial. To warrant a new trial, Mr. Qureshi must demonstrate that: "(1) the prosecution's case included perjured testimony; (2) the prosecution knew, or should have known, of the perjury; and (3) there is a likelihood that the false testimony affected the judgment of the jury." *United States v. Magana*, 118 F.3d 1173, 1191 (7th

Cir.1997)(quoting *United States v. Saadeh,* 61 F.3d 510, 523 (7th Cir.1995)). Mr. Qureshi, however, offers only his own unsubstantiated assertions that some of the government's witnesses lied. He cannot meet the first prong of the test, and he fails even to address the other two.

◼ Mr. Qureshi also raises several challenges to the district court's relevant-conduct determination. He first contends that, because the addition of the one kilogram so drastically increased his prison sentence, it should have been established by a standard of review higher than preponderance of the evidence. *See, e.g., United States v. Corbin,* 998 F.2d 1377, 1387 (7th Cir.1993)("A higher standard might be called for only in the rare instance where a factual finding will result in a sentencing increase so great that the sentencing hearing can fairly be characterized as a tail which wags the dog of the substantive offense." (internal quotations and citations omitted)). Mr. Qureshi asserts that without the additional one kilogram his base offense level would have been only 14, giving him a guideline imprisonment range of 15 to 21 months. The district court's decision to factor in the one kilogram resulted in a base offense level of 32 and a sentencing range of 121 to 151 months. Although we have not yet delineated when an increase in a sentence is so great that a higher standard of proof is required, *see United States v. Ofcky,* 237 F.3d 904, 908 (7th Cir.2001), we have rejected the argument in cases where the increase is much larger than that at issue here, *see, e.g., United States v. Rodriguez,* 67 F.3d 1312, 1323 (7th Cir.1995)(sentence increased from 51 to 63 months to life imprisonment); *United States v. Masters,* 978 F.2d 281, 286–87 (7th Cir.1992)(upholding increase from 33 to 41 months to 40 years).

Relying on an Eleventh Circuit case, *United States v. Taffe,* 36 F.3d 1047 (11th Cir.1994), Mr. Qureshi next argues that the inclusion of the one kilogram as relevant conduct was incorrect because he was not charged with *conspiracy* to possess heroin. Mr. Qureshi's reliance on *Taffe* is misplaced, however, because in that case the Eleventh Circuit was concerned only with inclusion of drug quantities to calculate the statutory maximum for the possession charge and not the relevant-conduct determination. Relevant conduct includes not only the amount of drugs involved in the charged offense, but also "acts and omissions ... that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); *United States v. Zehm,* 217 F.3d 506, 511 (7th Cir.2000). At sentencing, the district court found that Mr. Qureshi was negotiating a transaction for one kilogram of cocaine.

◼ Mr. Qureshi, however, renews the objection he made at sentencing that he was merely "bragging" or "puffing" regarding the one-kilogram purchase. Negotiated quantities of drugs may be included in relevant conduct unless the defendant "did not intend to provide, or was not reasonably capable of providing, the agreed-upon quantity of the controlled substance." U.S.S.G. § 2D1.1, comment. (n.12); *United States v. Wash,* 231 F.3d 366, 373 (7th Cir.2000); *United States v. Bonilla–Comacho,* 121 F.3d 287, 291–92 (7th Cir.1997)(applying the application note to situations where the defendant is the purchaser rather than the seller). Mr. Qureshi asserts that he never meant to follow through with the larger purchase and that the government failed to prove that he had any customers waiting to buy the one kilogram. But the government presented evidence at trial that Mr. Qureshi had

indeed been in contact with potential buyers. More importantly, the burden was on Mr. Qureshi to establish his lack of intent or ability to purchase the one kilogram, *see Wash*, 231 F.3d at 373, and the district court found that Mr. Qureshi failed to meet that burden by producing satisfactory evidence that he never intended to follow through with this negotiations to purchase the one kilogram. We owe great deference to sentencing determinations made by the district court, *see Ofcky*, 237 F.3d at 907 (internal citation omitted), and Mr. Qureshi ·points to nothing in this record that would permit us to set aside the district court's conclusion.

### III. Conclusion

Accordingly, we AFFIRM Mr. Qureshi's sentence and conviction.