**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tammie SINGLETON, Defendant–
Appellant.**

**No. 01–2829.**

United States Court of Appeals,
Seventh Circuit.

Argued April 3, 2002.

Decided April 29, 2002.

Before COFFEY, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

## ORDER

Tammie Singleton was convicted of conspiracy to distribute and possess with intent to distribute more than five kilograms of a mixture or substance containing cocaine, in violation of 21 U.S.C. § 846. Singleton was sentenced to 292 months' imprisonment, the low end of the applicable United States Sentencing Guideline range. On appeal, Singleton challenges the constitutionality of her sentence, argues that there was insufficient evidence at trial to convict her of the charge, and claims that her conviction was based on tainted co-conspirator testimony. We find these claims to be without merit.

Singleton first claims that her sentence was imposed in violation of due process. Relying on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Singleton argues that drug quantity is an element of the offense, must be charged in the indictment and proven beyond a reasonable doubt. However, we have rejected Singleton's argument that drug quantity is an element of the offense in *United States v. Bjorkman*, 270 F.3d 482, 490 (7th Cir.2001). In any event, the superseding indictment charged Singleton with knowingly and intentionally distribut-

ing and possessing with intent to distribute more than five kilograms of cocaine, and the jury found her guilty beyond a reasonable doubt of that charge. Also, pursuant to 18 U.S.C. § 841(b)(1)(A)(ii), the statutory maximum sentence is life imprisonment, far beyond Singleton's 292 month term. Therefore, *Apprendi* has not been violated. *See Talbott v. Indiana,* 226 F.3d 866, 869 (7th Cir.2000).

 Singleton next contends that the district judge erred in imposing her sentence. While Singleton asserts that her sentence was enhanced by two levels because she refused to incriminate herself, the actual reason for the enhancement was that she perjured herself at trial by lying about her knowledge of and role in the conspiracy. "[A]n obstruction of justice enhancement is appropriate where the trial judge weighed the testimony of the defendant against that of others and determined that the defendant's testimony lacked credibility." *United States v. Ofcky,* 237 F.3d 904, 910 (7th Cir.2001). There can be no doubt that the judge determined Singleton's explanations to be not credible. Singleton also alleges that the district court failed to grant her a reduction in sentence under the safety valve. However, "this court lacks jurisdiction to review a sentencing court's refusal to exercise its discretion to depart downward from the sentence prescribed by the Guidelines." *Id.* Therefore, we find that the district judge did not err in imposing Singleton's sentence.

 Singleton next claims that there was insufficient evidence to convict her of conspiracy. When a defendant challenges the sufficiency of the evidence, "we will affirm if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Walker,* 9 F.3d 1245, 1249 (7th Cir.1993). Singleton claims that too many inconsistencies were brought out at trial to support her role in the offense though the government clearly outlined her role. Viewed in a light most favorable to the government, the evidence shows that Singleton not only personally delivered at least twenty kilograms of cocaine and thousands of dollars of drug money to co-conspirators, but she also received, counted, and stored between five and six million dollars in drug proceeds. Singleton also assisted other co-conspirators in the concealment of property and helped her co-conspirators obtain false identification. Finally, she purchased two currency counters that were used to count the proceeds of the conspiracy. Based on the overwhelming evidence presented at trial, it is clear that the jury had sufficient evidence to find her guilty beyond a reasonable doubt.

 Finally, Singleton asserts that her co-conspirators' trial testimony lacks credibility because they conspired against her and were paid for their testimony in violation of 18 U.S.C. § 201(c)(2). Singleton claims that because her co-conspirators testified against her in exchange for lower sentences, their testimony is tainted. We have rejected the notion that "the testimony of cooperating witnesses is so likely to be unreliable that due process alone requires its automatic exclusion." *United States v. Curry,* 187 F.3d 762, 766 (7th Cir.1999). "Unless testimony is 'inherently unbelievable,' a guilty verdict may be based on the testimony of a coconspirator testifying pursuant to a plea agreement." *United States v. Jewel,* 947 F.2d 224, 231 (7th Cir.1991) (citations omitted). In fact, a conviction may be based solely on uncorroborated co-conspirator testimony. *Ofcky,* 237 F.3d at 909. Furthermore, we have held that promises of leniency in exchange for testimony do not violate § 201(c)(2). This is because "[f]oregoing

criminal prosecution (or securing a lower sentence) is not a 'thing of value' within the meaning of § 201(c)(2)." *United States v. Condon,* 170 F.3d 687, 689 (7th Cir.1999). The co-conspirator testimony presented at trial was not inherently unbelievable or unreliable. Furthermore, Singleton's longer sentence is easily reconciled with the shorter sentences of her co-conspirators because they had smaller roles in the conspiracy and cooperated with the government.

We have considered Singleton's other arguments on appeal and conclude that they are without merit. Because her conviction was based on sufficient evidence and reliable testimony, and her sentence was constitutional, we AFFIRM her conviction and sentence.